

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 0:19-738-MGL-1 |
| § | |
| MARIO EVERETT McCULLOUGH, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.    INTRODUCTION**

Pending before the Court is Defendant Mario Everett McCullough's (McCullough) motion to reduce his sentence due to the COVID-19 pandemic. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court McCullough's motion to reduce his sentence will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

The grand jury indicted McCullough on one count of knowingly possessing with intent to distribute a quantity of cocaine base, a quantity of cocaine, and a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); one count of knowingly possessing a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count Two); one count of knowingly

using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three), and a forfeiture count.  The government later filed an information for one count of knowingly and intentionally conspiring to possess with intent to distribute a quantity of cocaine, a quantity of cocaine base, a quantity of a mixture or substance containing a detectable amount of methamphetamine, and a quantity of N-Ethylpentylone, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Information One).

On May 25, 2021, McCullough pled guilty to Information One.  The Court, on October 13, 2021, sentenced him to a term of imprisonment of forty-one months and, upon release, a term of supervised release for six years with standard and special conditions to include substance abuse testing.  Counts One, Two, Three, and the forfeiture were dismissed upon motion of the government.  McCullough is currently housed at Federal Correctional Institution Gilmer (FCI Gilmer), and has a projected release date on or about July 14, 2024.

McCullough filed the instant motion for compassionate release, and the government responded.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

A court may modify a term of imprisonment under only three specific circumstances.  First, a court may modify a sentence as "permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  18 U.S.C. § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35 (allowing a reduction in sentence upon a motion by the government based on substantial assistance from the defendant or within fourteen days of the sentence when there is a clear error in the sentence).

Second, a court may modify a sentence when the imposed "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

And third, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, permits modification of a term of imprisonment upon motion of the defendant after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A)(i). If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission[,]" the Court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id.* This statute also provides the Court must consider "the factors set forth in [S]ection 3553(a) to the extent that they are applicable[.]" *Id.*

The applicable Sentencing Commission policy statement referenced in Section 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)"). U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment if the Court determines 1) "extraordinary and compelling reasons warrant the reduction,"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. §1B1.13. However, U.S.S.G. § 1B1.13 addresses motions for reductions that are filed by the Director of the BOP and it does not contain a policy statement that specifically addresses motions for reductions that are filed by an inmate defendant.

The Fourth Circuit recently issued a published opinion providing guidance on the arguments district courts can consider in determining whether "extraordinary and compelling" reasons exist to grant compassionate release. *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020). In *McCoy*, the Fourth Circuit discerned "[t]here is of now no 'applicable' policy statement governing compassionate-release motions by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). Ultimately, the determination of whether extraordinary and compelling reasons exist in a particular case is a question reserved to the sound discretion of the district court.

## IV.   DISCUSSION AND ANALYSIS

McCullough fails to argue either of the first two scenarios are applicable. Rather, he moves for reduction in his sentence solely on the basis of the third circumstance, alleging COVID-19, when taken with his underlying medical conditions, qualifies as an extraordinary and compelling reason to warrant relief.

As discussed above, the Court may reduce a defendant's sentence if it concludes extraordinary and compelling reasons warrant such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *McCoy*, 981 F.3d at 284. The Court must also consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

### A.   *Whether McCullough presents extraordinary and compelling reasons warranting a reduction of his sentence*

As an initial matter, the Court concludes McCullough exhausted his administrative remedies and the Court has jurisdiction to adjudicate this motion. Specifically, the Court

4

determines an email McCullough sent to the Warden on January 7, 2022, started the thirty-day clock. *See e.g.,* Resp. in Opp'n at 9 fn.1 ("[S]hould the Court credit McCullough's statement concerning the January 7 email [to the Warden,] the [g]overnment would concede that [thirty] days have now passed since his request" and "the Court may decide to rule on the motion[.]").

In McCullough's motion, he states he suffers from the following medical ailments: "chronic bronchitis since childhood, chronic sinus condition, tobacco smoker since age [fourteen], obese with a BMI of 31, migraine headaches[,]" and "a family history of diabetes, hypertension (father), high blood pressure, arthritis (mother), a brother who died of walking pneumonia at age [thirty seven] (he too had chronic bronchitis)[,] and an uncle who died of cancer on 1/21/20." Mot. at 1.  Further, McCullough avers he "has been experiencing migraine headaches, breathing problems which ha[ve] led to the increased usage of his BOP[-]issued inhaler . . . daily, unexplained night sweats, and episodes of uncontrollable coughing sprees." *Id.* at 5.  McCullough fears he may contract COVID-19 and suffer a severe negative outcome due to his numerous medical ailments.

According to the government, "McCullough's medical records show that he self-reported receiving two does of the Moderna COVID-19 vaccine[,] with his last dose being administered on May 30, 2021."  Resp. in Opp'n at 13 n.3.  Furthermore, "[a]ccording to McCullough's BOP medical records, he received a Pfizer-BioNtech booster shot on January 21, 2022[,] while in BOP custody."  *Id.*  McCullough's vaccination against COVID-19, the government avers, precludes him from claim extraordinary and compelling reasons exist to warrant his release from custody.  *See id.* at 14 (noting "the [Covid-19] vaccines permit effective self-care against severe illness or death that may be caused by the coronavirus.").

Here, in addition to the fact McCullough is fully vaccinated, evidence of his current placement heavily weighs against a determination extraordinary and compelling reasons warrant a reduction in his sentence. According to the BOP COVID-19 case tracker, only three inmates at FCI Gilmer are infected with COVID-19. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Feb. 22, 2022). The presence of only three inmates infected with COVID-19 at FCI Gilmer, the Court concludes, is due in part to the strong vaccination efforts of the BOP in general, as well as FCI Gilmer in particular.

The BOP also maintains a website detailing the number of doses of the COVID-19 vaccine it has received and administered. *See COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Feb. 22, 2022) (showing the BOP has administered 297,835 doses out of 327,742 received, nearly a ninety-one percent administration rate). This website also notes the number of "Full Staff Inoculations Completed" as well as "Full Inmate Inoculations Completed" for each BOP facility. *Id.* According to this website, 200 employees of FCI Gilmer have been fully vaccinated, as well as 1,404 inmates. *Id.* And, vaccine doses to inmates are "based on priority of need in accordance with CDC guidelines." *Id.*

Consequently, the presence of only three COVID-19 cases among the entire FCI Gilmer inmate population, the strong vaccination efforts of the BOP, and the fact McCullough is fully vaccinated, lead the Court to conclude he fails to establish extraordinary and compelling reasons warrant a reduction in his sentence. Alternatively, even if the Court concluded McCullough demonstrated extraordinary and compelling reasons warranted a reduction in his sentence under Section 3582(c)(1)(A), his motion would be denied based on an analysis of the Section 3553(a) factors.

### B.    *Whether the Section 3553(a) factors weigh in favor of release*

As noted above, the Court, in considering a motion for compassionate release, must consider the factors under 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes by the defendant;" "the kinds of sentences available;" "any pertinent policy statement[;]" "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

As recently noted by the Fourth Circuit in a published opinion, "the text of 18 U.S.C. § 3582(c)(1) does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release" and "§ 3582(c)(1) merely requires district courts to 'consider[]' the relevant § 3553(a) factors." *United States v. Kibble*, 992 F.3d 326, 331 n.3 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)). Thus, "this language [provides] the district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release." *Id.*

Here, the Court concludes the Section 3553(a) factors weigh heavily against release. The nature of McCullough's offense is serious. McCullough pled guilty to possessing with intent to distribute numerous drugs. These nefarious drugs destroy communities, families, and lives throughout this county. And, the converted drug weight equivalent for the purposes of establishing McCullough's base offense level for guideline sentencing purposes was "27.76 kilograms[.]" Final Presentence Investigation Report (PSR) ¶ 26. This is a significant drug weight.

McCullough's criminal history is also extensive. According to McCullough's PSR, his criminal history category was a VI based upon thirteen criminal history points. *See* PSR ¶ 53. McCullough's history consists of numerous drug-related offenses, as well has having been convicted of assault and battery of a high and aggravated nature, and a firearm possession. *See id.* ¶¶ 48–50. As aptly noted by the government, "McCullough has demonstrated a propensity to engage in criminal conduct." Resp. in Opp'n at 19.

Furthermore, McCullough "has served only a few months of his forty-one month sentence[,]" and a "reduction in his sentence at this point would not fulfill the goals of sentencing—such as receiving a sentence that reflects the seriousness of the offense, promot[ing] respect for the l[a]w, provid[ing] for a just punishment[,] and afford[ing] adequate deterrence." *Id.* And, as the Court sentenced McCullough a few months ago, on October 13, 2021, the balance of the Section 3553(a) factors since his sentencing have not changed in a way that would warrant relief. Consequently, based on the Court's analysis and balancing of the Section 3553(a) factors, a reduction in sentence to release McCullough is inappropriate.

*****

Lastly, although the Court will deny McCullough's motion, it commends him for participating in self-help and education programs at FCI Gilmer. *See* Mot. at 8. The Court hopes the benefits of those programs assist him with his eventual release into society.

## IV.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court McCullough's motion to reduce his sentence is **DENIED**.

**IT IS SO ORDERED.**

Signed this 22nd day of February 2022, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE